HUNTER v SPARKS, Treas.

Ohio Appeals, 2nd Dist, Montgomery Co.

No 828.   Decided Oct 2, 1928

McMahon, Corwin, Landis & Markham, Dayton, for Hunter.

Ralph E Hosket, Pros Atty and Rolla E Galloway, Asst Pros Atty, both of Dayton, for Sparks.

BY THE COURT

The commissioners proceeded upon the theory that the Hi-Pointe Investment

Company was the owner of the lots. The individual holders of a contract to purchase who did not record their contracts or take open and notorious possession of the lot, would in our judgment, not be in a position after the improvement had been let and the work done thereon to make a claim that they were not parties to the suit or seek an injunction against any of the proceedings.

The Board of Commissioners acted upon the legal title and had no notice of an equitable title in the plaintiffs, besides there were publications of notice of the improvement, and it would not be unreasonable to hold that the parties having an equitable interest should be chargeable with a notice so published. Even if these equitable owners were not actually made parties they were bound to take notice of any order affecting the property in which they had an equitable interest and would be bound to take such steps as the statue provides to protect their interests, and if they failed to do so, they would be barred.

The answer of the Commissioners filed in this case denies that there was any assessment made against the plaintiff, and this averment must, under the record, be taken as true. Consequently the plaintiff would only be granted relief, if at all, under the contract as between her and that company.

It therefore follows that the judgment of this court must be in favor of the defendants.

Ferneding, Kunkle and Allread, JJ, concur.